UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIJAH ROBERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02445-JMS-DML |
| ) | |
| MELISSA K. ISAACS, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Elijah Roberson, an inmate at New Castle Correctional Facility ("NCCF"), alleges in this lawsuit that Nurse Melissa Isaacs and mental health nurse practitioner Celeste Jones (f/k/a Celeste Johnson) provided him inadequate medical care and retaliated against him. Specifically, Mr. Roberson claims that Ms. Jones discontinued his medications and Nurse Isaacs took his medication card. Mr. Roberson and the defendants have moved for summary judgment. For the following reasons, the defendants' motion for summary judgment is granted and Mr. Roberson's motion for summary judgment is denied.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of

a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). For each motion, the Court views and recites the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.* That's not necessary here, however, because even when all evidence is interpreted in Mr. Roberson's favor, the defendants are entitled to summary judgment.

## II. Facts

Nurse Isaacs works as a registered nurse at NCCF. Dkt. 52-2 ¶ 2. She has worked in the infirmary for over two and a half years. *Id.* She does not work at the medication window where

inmates receive their medications.[1] *Id.* ¶ 5. She is about 5 feet, 7 inches tall, and has brown hair with red highlights. *Id.* ¶ 7. She has reviewed Mr. Roberson's interrogatories, which attempt to describe her, and she believes he has misidentified her. *Id.* ¶ 9. Mr. Roberson has never met Nurse Isaacs. Dkt. 52-1 at 10, Roberson Dep. at 36:11-37:6. He testified at his deposition that the person who took his medication card is named Lisa and has short black and gray hair. *Id.,* Roberson Dep. at 36:20-37:24.

Mr. Roberson was transferred from Indiana State Prison ("ISP") to NCCF in January of 2020. Dkt. 52-1 at 10, Roberson Dep. at 11:17-20. Ms. Jones, who works as a mental health nurse practitioner at NCCF, saw Mr. Roberson on January 22, 2020 to discuss his mental health medications and did not change them. Dkt. 52-3 ¶¶ 2, 5.

On February 6 and 11, March 6, and April 13, 2020, ISP mental health providers noted that Mr. Roberson did not attend his appointments. *Id.* ¶ 7. On May 6, 2020, Dr. Sterling, a psychiatrist at ISP, noted that Mr. Roberson was a "no-show" for his appointment. *Id.* ¶ 8.

On May 21, 2020, Ms. Jones saw Mr. Roberson for a mental health visit to discuss his medications. *Id.* ¶ 9. On June 3, 2020, Dr. Sterling entered another note that Mr. Roberson was a "no-show" for this appointment. *Id.* ¶ 10. Dr. Sterling again noted that Mr. Roberson was a "no show" on June 23, 2020. *Id.* ¶ 11.

In June of 2020, Mr. Roberson submitted healthcare request forms asking for medication refills. Dkt. 45 ¶ 8. He was charged for these visits as if they were nursing sick call visits and he filed a grievance disputing these charges. *Id.* ¶ 9-11. He received a refund on July 15, 2020. *Id.* ¶

---

[1] Mr. Roberson asserts in his motion for summary judgment that Nurse Isaacs works at the medication window. Dkt. 45 ¶ 3. But he admitted at his deposition that he has never met her. Dkt. 52-1 at 10, Roberson Dep. at 36:11-37:6.

12. That same day, Dr Sterling entered a final note that Mr. Roberson was a "no-show" for his appointment. *Id*. ¶ 12. Dr. Sterling noted that because Mr. Roberson had been a "no show" on June 3, 2020, June 23, 2020, and again on July 15, 2020, his mental health medications would be stopped as of July 15, 2020.[2] *Id*.

Once Ms. Jones became aware that Mr. Roberson's medications were discontinued, she re-prescribed them, noting that the medications had been inadvertently discontinued by a provider at a different facility. Dkt. 52-3 ¶ 13. It is standard practice for a provider to discontinue medications if a patient does not show up to a certain number of follow-up appointments. *Id*. ¶ 15. Ms. Jones assumes that Dr. Sterling did not know that Mr. Roberson had been transferred from ISP to NCCF. *Id*. ¶ 16. She does not know why Mr. Roberson's name appeared on the appointment list at ISP when he was not confined there anymore. *Id*. ¶ 17.

Ms. Isaacs did not remove Mr. Roberson's medication card on July 15, 2020. *Id*. ¶ 10. And she did not refuse to give him medication on July 16, 2020. *Id*. ¶ 11.

### III. Discussion

Mr. Roberson claims that Nurse Isaacs and Ms. Jones discontinued his medications in deliberate indifference to his serious medical needs and in retaliation for his filing a grievance. These claims are necessarily brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal

---

[2] Mr. Roberson states in his motion for summary judgment that Ms. Jones discontinued his medication, but he admitted at his deposition that he does not know who canceled the medication and that Ms. Jones reinstated it and was trying to help him with his medications. Dkt. 53-1 at 10, Roberson Dep. at 34:21-36:10.

quotation omitted). Further, "individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.*

### A. Deliberate Indifference

"'To determine if the Eighth Amendment has been violated in the prison medical context, [the Court performs] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition.'" *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021) (quoting *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc)).

For purposes of the motions for summary judgment, the defendants do not dispute that Mr. Roberson's mental health needs are serious medical needs, but they argue that there is no evidence that they were aware of these needs and disregarded them. First, Ms. Isaacs did not work at the medication window on July 15 and 16, 2020, when Mr. Roberson alleges that his medication was refused, and his card was taken. Dkt. 53-2 ¶¶ 10, 11. Further, Mr. Roberson describes the nurse who took his card as having black and grey hair, dkt. 52-1 at 10, Roberson Dep. at 36:11-37:6, while Nurse Isaacs has brown hair with red highlights, dkt. 53-2 ¶ 7. Next, Mr. Roberson has also presented no evidence that Ms. Jones discontinued his medications. It is undisputed that Dr. Sterling canceled the medication. Dkt. 53-3 ¶ 12; dkt. 53-1 at 10, Roberson Dep. at 34:21-35:3 (testifying that he does not know who stopped the medications).

Because neither Nurse Isaacs nor Ms. Jones stopped Mr. Roberson's medication, they cannot have been deliberately indifferent to his need for that medication and they are entitled to summary judgment. *See Colbert*, 851 F.3d at 657.

### B. Retaliation

"To prevail on a First Amendment retaliation claim, a plaintiff must establish three elements. First, he must show he engaged in protected First Amendment activity. Second, he must show an adverse action was taken against him. Third, he must show his protected conduct was at least a motivating factor of the adverse action." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). The defendants do not dispute that Mr. Roberson filed a grievance in July of 2020, an action which is protected by the First Amendment. It is also undisputed that Mr. Roberson's medications were discontinued the same day he received a response to his grievance. But the defendants argue that there is no evidence that they discontinued his medication and therefore no evidence that they took any retaliatory action.

Again, Mr. Roberson has testified that he does not know who Nurse Isaacs is and his description of the person who took his medication card does not match Nurse Isaacs's self-description. Dkt. 52-1 at 10, Roberson Dep. at 36:11-37:6; dkt. 53-2 ¶ 7. In addition, it is undisputed that Dr. Sterling discontinued Mr. Roberson's medications because he was a "no show" for his appointments at ISP after he had been transferred to NCCF. Dkt. 53-3 ¶ 12; dkt. 53-1 at 10, Roberson Dep. at 34:21-35:3. Once Ms. Jones realized the mistake, she reinstated the medications. Dkt. 52-3 ¶ 13. Thus, while discontinuing his medications or taking his medication card may constitute adverse actions against Mr. Roberson, there is no evidence that Nurse Isaacs or Ms. Jones took these actions. They are therefore not personally responsible for them and are entitled to summary judgment on Mr. Roberson's retaliation claim. *See Colbert*, 851 F.3d at 657.

### IV. Conclusion

As discussed above, the defendants' motion for summary judgment, dkt. [51], is **GRANTED**, and Mr. Roberson's motion for summary judgment, dkt. [44], is **DENIED**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 1/3/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ELIJAH ROBERSON
942360
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel